UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED SMITH | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1033 |
| CAESARS ENTERTAINMENT, INC. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Defendant Caesars Entertainment, Inc. Motion to Compel Discovery and Have Requests for Admission Admitted is pending before me in this matter. ECF No. 10. The motion was scheduled for submission on November 26, 2025. As of this date, Plaintiff has not filed any Opposition Memorandum, and the deadline for same expired on Tuesday, November 18, 2025. *See* E.D. La. L.R. 7.5. Having considered the record, the written submissions of counsel, the lack of Opposition Memorandum, the applicable law, the motion is GRANTED IN PART AND DENIED IN PART as stated herein.

**I.   BACKGROUND**

Defendant issued discovery (26 Interrogatories, 28 Requests for Production and 21 Requests for Admission) to Plaintiff on August 19, 2025. ECF No. 10-3. Despite repeated requests and a promise to deliver responses by October 20, 2025, no response has been provided. ECF No. 10-4. The discovery deadline is February 4, 2026. ECF No. 8 at 3.

**II.   APPLICABLE LAW AND ANALYSIS**

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1] A review of the filing reflects that, for the most part, the motion has merit as Plaintiff has failed to respond. However, Defendant propounded 26 Interrogatories without leave

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

of court or stipulation, in violation of Rule 33(a)(1) of the Federal Rules of Civil Procedure. When excessive interrogatories are propounded, courts recognize that a party is obliged to respond to the first 25 Interrogatories and strike the rest.[2] Accordingly, Plaintiff will be compelled to provide responses to Interrogatory Nos. 1 through 25 and the Requests for Production.

Unlike interrogatories and requests for production, Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission nor does it contemplate a motion to deem requests admitted.[3] Rule 36(a)(3) specifies that a matter is deemed admitted unless, within thirty days of service, the party to whom the request is directed provides a written answer or objection addressed to the matter and signed by the party or its attorney. As Rule 36 is self-executing, properly served requests for admission are deemed admitted by operation of law without the necessity of a motion.[4] Rather, "[a] deemed admission can only be withdrawn or amended by

---

[2] *See, e.g.*, *Stephens v. Fla. Marine Transporters, Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) (Roby, M.J.) (citing *Lower River Marine, Inc. v. USL-497 Barge*, No. 06-4083 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).
[3] *VeroBlue Farms USA, Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).
[4] *See American Gen. Life Ins. Co. v. Whitaker,* 971 F.3d 539, 540 n.2 (5th Cir. 2020) (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) ("Under Rule 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within thirty days. . . . Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record. . . .We have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).'") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); and quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001))); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (noting that any requests for admissions that are not answered or objected to within thirty days are deemed admitted as a matter of law); *Vincent v. McNeil & Meyers Receivables Mgmt. Grp., L.L.C.*, No. 19-11298, 2019 WL 13215399, at *1 (E.D. La. Dec. 20, 2019) ("Defendant failed timely to respond . . . [t]hus, all matters in the requests were deemed admitted by operation of law under Fed. R. Civ. P. 36(a)(3)"); *see also Giovanni v. Cain*, No. 13-566, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014); *Santiny Contractors, LLC v. Sayania*, No. 19-780, 2021 WL 641379, at *1 (M.D. La. Jan. 19, 2021) (denying motion as moot); *Aguirre v. Asti Home Care, LLC*, No. 18-149, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (observing that "it is not clear that Plaintiff needed to file [her] Motion to deem admitted her requests for admission" because "a request for admission is deemed 'admitted by default' in the absence of a timely response"). If, however, the requests for admission were served prematurely, they will not be deemed admitted. *See, e.g.*, FED. R. CIV. P. 26(d)(2)(B) (addressing response deadline for prematurely served Rule 34 requests but not providing deadline for premature Rule 33 or 36 discovery); *Escamilla v. United States*, No. 21-510, 2022 WL 2657129, at *6 n.3 (E.D. Wis. July 8, 2022) (citing *Harp v. Glock*, Nos. 18-1039, 18-1159, 2019 WL 1859258, at *1 (E.D. Wis. Apr. 25, 2019) (citing FED. R. CIV. P. 26(d)(1))), *aff'd*, 62 F.4th 367 (7th Cir. 2023).

motion in accordance with Rule 36(b)."[5]  For that reason, Defendant's Motion to Have Requests for Admission Admitted is unnecessary.

## III.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Compel Discovery and Have Requests for Admission Admitted is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff must provide full and complete responses to the Interrogatory Nos. 1 through 25 and the Requests for Production within 14 days.

IT IS FURTHER ORDERED that Defendant's Motion to Deem Matters Admitted is DENIED AS MOOT.

New Orleans, Louisiana, this __26th__ day of November, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Carney,* 258 F.3d at 419 (citation omitted); *see also Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (holding a district court may not *sua sponte* allow for the withdraw or amendment of admissions).